Filed 9/24/13  P. v. Poslof CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058866 |
| v. | (Super.Ct.No. FMB005416) |
| LONNIE LEE POSLOF, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Lonnie Lee Poslof appeals from an order denying his petition for recall of his indeterminate life term under Penal Code section 1170.126 et al. [1]

I

BACKGROUND[2]

In 1992, defendant was convicted of two counts of lewd and lascivious acts with a child pursuant to section 288, subdivision (a). Defendant was ordered to register as a sex offender under section 290. He was released in 1995 on parole from state prison.

Defendant was arrested in 2002 for failing to register as a sex offender. Defendant was convicted of failing to register as a sex offender in Twenty-Nine Palms, in violation of section 290, subdivision (g)(2). In a bifurcated trial, the jury also found true allegations that defendant had two prior convictions for lewd and lascivious acts upon a child, which qualified as serious or violent felonies under sections 667, subdivisions (b) through (i) and 1170.12, subdivisions (a) through (d). The jury also found he had served two prior prison terms and failed to remain free of prison custody for five years within the meaning of section 667.5, subdivision (b). The trial court sentenced defendant to a total term of 27 years to life in state prison.

On November 6, 2012, the electorate passed Proposition 36. This ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  The underlying facts are drawn from the published opinion in *People v. Poslof* (2005) 126 Cal.App.4th 92 [Fourth Dist., Div. Two] (*Poslof*), and the provided clerk's transcript.

2

term under the three strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second-striker.  (§ 1170.126, subd. (f).)  If the trial court determines that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant.  (§ 1170.126, subd. (f).)

On March 6, 2013, defendant sent a letter to the trial court requesting review of his sentence "under the prop 36 change in California law, though any statute to provide any relief would do just fine."  On May 13, 2013, the trial court stated that it considered defendant's letter a "Petition for Recall of Sentence pursuant to PC1170.126."  The court denied the petition finding that defendant's strikes included convictions of section 288, subdivision (a), which made him ineligible for resentencing under section "1170.126, subdivision (e)(c) [sic]."

Appointed counsel on appeal filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth the facts and procedural history and requesting this court to conduct an independent review of the record. Defendant filed a personal supplemental brief on September 12, 2013. [3]

---

[3]    We note that the California Supreme Court has granted review in cases that have found that the trial court's order on a postjudgment petition pursuant to section 1170.126 is a nonappealable order.  (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308 [158 Cal.Rptr.3d 446], review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941 [157 Cal.Rptr.3d 315], review granted July 16, 2013 with hold pending consideration of *Teal*, S212017].)  Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or petition for writ of mandate.  (See *People v. Segura* (2008) 44 Cal.4th 921, 928 fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 853 [Fourth Dist., Div. Two]

*[footnote continued on next page]*

# II

# DISCUSSION

The only arguable issue presented by defendant's appointed counsel was whether the trial court erred by denying defendant's petition for recall of his indeterminate life term pursuant to section 1170.126, subdivisions (b) and (e). Section 1170.126, subdivision (e)(3) provides, as pertinent here, that a defendant is eligible for resentencing if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph 2 of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph 2 of subdivision (c) of Section 1170.12." Defendant's two prior convictions were for violating section 288, subdivision (a), lewd and lascivious acts against a child under the age of 14 years. A violation of section 288 against a child under the age of 14 years is defined as a serious felony pursuant to sections 667, subdivision (e)(2)(C)(iv)(III) and 1170.12, subdivision (c)(2)(C)(iv)(III). As such, defendant was ineligible for resentencing under section 1170.126, subdivision (e)(3).

Defendant filed a personal supplemental brief appearing to raise the following claims: (1) "TO ALLOW A JURY TO NOT KNOW WHAT THE SENTENCE A DEFENDANT IS SUBJECT TO IF FOUND GUILTY, WHICH IS NOT THE CASE IN ALL MATTERS, THUS THE COURT ROBBING PETITIONER CONSTITUTIONAL

---

*[footnote continued from previous page]*
[treating appeal as petition for writ of mandate due to uncertainty in the law].) In *People v. Leggett* (Sept. 16, 2013, C073586) ___Cal.App.4th _____ [2013 D.A.R. 12497, 12499] the court expressed that when a trial court must determine whether the prior convictions qualify under the resentencing provision, such issue is appealable. We will review defendant's appeal.

EQUAL PROTECTION RIGHT"; and (2) he complains about the destruction of records from the proceedings held on February 19, 2003, and April 19, 2003. These claims go to the validity of the underlying judgment which was final in 2005. The only issues properly raised in this appeal pertain to the denial of his request for resentencing pursuant to section 1170.126, of which we have already determined he was ineligible. None of the issues raised in defendant's supplemental briefing are cognizable in this appeal.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
                                                                                    Acting P. J.

We concur:


KING
                              J.


CODRINGTON
                              J.

5